MARYELLEN KENTON, Plaintiff v. JAMES P. KENTON, Defendant

No. COA11-531

(Filed 7 February 2012)

**Domestic Violence—protective order—no findings or conclusions of violence—order void ab initio**

The trial court erred by denying defendant's motion to dismiss plaintiff's motion to renew a consent Domestic Violence Protective Order (DVPO). The consent DVPO was void *ab initio* because it contained no findings of fact or conclusions of law establishing that defendant committed an act of domestic violence.

Appeal by defendant from orders entered 14 January 2011 and 11 February 2011 by Judge Jeffrey E. Noecker in New Hanover County District Court. Heard in the Court of Appeals 16 November 2011.

*Ward and Smith, P.A., by John M. Martin and Lauren T. Arnette, for defendant-appellant.*

*No brief for plaintiff.*

HUNTER, Robert C., Judge.

James P. Kenton ("defendant") appeals from the trial court's 14 January 2011 order renewing a consent Domestic Violence Protection Order that was issued 8 January 2010 in New Hanover County District

KENTON v. KENTON

[218 N.C. App. 603 (2012)]

Court by Judge Sandra Ray Criner (the "Consent DVPO"). Defendant argues the trial court erred by (1) denying his motion to dismiss plaintiff Maryellen Kenton's motion to renew the Consent DVPO; and (2) entering an order renewing the Consent DVPO for a term of one year. After careful review, we reverse the order denying defendant's motion to dismiss and vacate the order renewing the Consent DVPO.

## Background

The evidence tended to establish the following facts: defendant and plaintiff were previously married and have two minor children. Plaintiff filed a complaint and motion for a DVPO against defendant on 11 December 2009. Plaintiff claimed that on that date defendant attempted to cause or intentionally caused her bodily injury and that defendant posed a danger of "serious and immediate injury" to her and her children.

On 8 January 2010, plaintiff and defendant entered into a consent DVPO, by which the trial court ordered that defendant "shall not commit any ~~further~~ acts of abuse or make any threats of abuse"; the word "further" was struck through with a line. In addition to identifying the parties' respective counsel, the trial court made one finding of fact in the order:

> The parties agree to entry of this order *without express findings of fact regarding the behavior of either party*. The parties have two minor children and their attorneys shall make · arrangements for Defendant's custodial periods in accordance with the Separation and Property Settlement Agreement or established by any court order in the pending custody action.

(Emphasis added.) The trial court also noted that the "[p]arties waive conclusion[s] of law." Thus, the Consent DVPO contained no finding of fact or conclusion of law that defendant committed an act of domestic violence as defined in N.C. Gen. Stat. § 50B-1(a) (2011). The Consent DVPO was made effective until 8 January 2011.

On 25 May 2010, an arrest warrant was issued for defendant for the offense of assault on a female committed against plaintiff. The warrant alleged that on 11 December 2009 defendant committed the same acts of violence against plaintiff as plaintiff had alleged in her 11 December 2009 complaint and motion for a domestic violence protection order. Defendant was arrested on 8 July 2010 and entered an *Alford* guilty plea to the charge on 26 October 2010. The trial court granted a prayer for judgment continued.

On 6 January 2011, plaintiff filed a motion to renew the Consent DVPO, which was to expire on 8 January 2011. In her motion, plaintiff claimed that defendant "has shown he continues to be a threat," cited his guilty plea to the 11 December 2009 assault, and stated that she feared for her safety.

During a 14 January 2011 hearing on plaintiff's motion, defendant moved to dismiss the motion on the ground that the Consent DVPO was facially invalid because the order contained no finding of fact or conclusion of law that defendant committed an act of domestic violence, as required by N.C. Gen. Stat. § 50B-3(a). Acknowledging that the Consent DVPO lacked a conclusion of law or finding of fact regarding an act of domestic violence, the trial court took judicial notice of defendant's 8 July 2010 *Alford* guilty plea to "judicially establish[]" that defendant committed an act of domestic violence. Accordingly, the trial court denied defendant's motion to dismiss plaintiff's motion to renew the order.

The trial court next heard arguments on plaintiff's motion to renew the Consent DVPO and renewed the order for a one-year period expiring on 14 January 2012. Defendant appeals from the trial court's orders.

**Discussion**

Defendant claims that the trial court erred by denying his motion to dismiss plaintiff's motion to renew the Consent DVPO because the Consent DVPO was void *ab initio*. Defendant bases his argument on the fact that the Consent DVPO contained no findings of fact or conclusions of law establishing that he committed an act of domestic violence. Because we are bound by this Court's decision in *Bryant v. Williams*, 161 N.C. App. 444, 446-47, 588 S.E.2d 506, 507-08 (2003), we must agree.

In *Bryant*, a divided panel of this Court vacated a consent order entered pursuant to N.C. Gen. Stat. § 50B-3 because the order lacked a finding that an act of domestic violence had been committed. *Bryant*, 161 N.C. App. at 446-47, 588 S.E.2d at 507-08. The majority in *Bryant* observed that our General Statutes required protective orders and consent orders entered pursuant Chapter 50B be entered " 'to bring about a *cessation* of acts of domestic violence.' " *Id.* (quoting N.C. Gen. Stat. § 50B-3(a) (2001)) (emphasis added). Without a finding by the trial court that an act of domestic violence had occurred, the trial court had no authority under Chapter 50B to enter an order for the purpose of *ceasing* domestic violence between the parties. *Id.*

KENTON v. KENTON

[218 N.C. App. 603 (2012)]

("The court's authority to enter a protective order or *approve a consent agreement* is dependent upon finding that an act of domestic violence occurred and that the order furthers the purpose of ceasing acts of domestic violence." (emphasis added) (citing *Brandon v. Brandon*, 132 N.C. App. 646, 654, 513 S.E.2d 589, 595 (1999)).

We note that N.C. Gen. Stat. § 50B-3 was amended multiple times after our decision in *Bryant.* In 2005, the Legislature amended section 50B-3(a) deleting the language regarding "cessation" that was quoted in *Bryant.* 2005 N.C. Sess. Laws ch. 423, sec. 1 (effective 1 October 2005). However, the same amendment to the statute specified that "[i]f the court . . . finds that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from *further* acts of domestic violence." *Id.* (codified at N.C. Gen. Stat. § 50B-3(a) (2011) (emphasis added)).

We discern no meaningful distinction between the amended language of N.C. Gen. Stat. § 50B-3(a) (2011) and the language of N.C. Gen. Stat. § 50B-3(a) (2001) quoted in *Bryant*, 161 N.C. App. at 446, 588 S.E.2d at 507-08. Our conclusion is supported by the preamble to 2005 N.C. Sess. Laws ch. 423, which states, *inter alia*, that the 2005 amendment was intended to "CLARIFY AND ENHANCE THE LAWS RELATING TO DOMESTIC VIOLENCE." Therefore, we must conclude the precedent set by *Bryant* is controlling in this case. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Thus, we hold that because the Consent DVPO, entered 8 January 2010 by Judge Criner, lacked any finding that defendant committed an act of domestic violence it was void *ab initio*. Consequently, the trial court erred by denying defendant's motion to dismiss plaintiff's motion to renew the Consent DVPO and erred by ordering the Consent DVPO renewed for a period of one year. Accordingly, we reverse the 11 February 2011 order denying defendant's motion to dismiss plaintiff's motion to renew the 8 January 2010 consent DVPO. The 14 January 2011 order renewing the consent DVPO is vacated.

Reversed & Vacated

Judges GEER and HUNTER, Jr., Robert N., concur.